**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Regal Games LLC, | Civil Action No. _____ |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| SellerX Eight GmbH, | |
| Defendant. | |

**COMPLAINT**

Plaintiff Regal Games LLC ("Regal Games"), by and through its undersigned counsel, hereby alleges the following for its Complaint against Defendant SellerX Eight GmbH ("SellerX").

**PRELIMINARY STATEMENT**

1.      Dating back to the 1940s, Regal Games is a leading manufacturer of high-quality games and toys, including its world-famous reusable bingo cards, Traffic Bingo cards, Auto Bingo cards.  More recently, Regal Games has expanded its offerings to include children's art and activity kits, and premium quality crayons.  Of particular relevance here, Regal Games sells chalk products under its "Kid Made Modern" family of brands utilizing the phrase "by Regal":



2.      Products made by Regal Games are widely recognized for their quality, manufacturing, sales, and marketing excellence and Regal Games has expended significant time, resources and funds in promoting its products and trademarks.

3.      Regal Games distributes its products to dozens of big box retailers and independent store owners nationwide, and sells direct to consumers through its own ecommerce store and other popular ecommerce sites like Amazon.com, Walmart.com, and eBay.com.

4.      SellerX is an aggregator of online merchants, and predominantly sells its products in the North American market on popular ecommerce sites like Amazon.com and Walmart.com. Rather than specialize in one type of consumer good, SellerX

> buy[s] and build[s existing] Amazon businesses, typically those finding success selling everyday staples . . . . We look for market-leading companies with strong reviews and the potential for growth.

SellerX, "About Us," available at sellerx.com/about-us/ (last accessed Mar. 31, 2024).

5.      SellerX sells sidewalk chalk and chalk-based toys directly to consumers in the United States through online platforms like Amazon.com and Walmart.com, and indirectly

– 2 –

through intermediaries to consumers in the United States through online platforms like Sears.com and eBay.com.

6.      One of SellerX's brands is Chalk City, which it purchased from Regal Games in April 2021 pursuant to an Asset Purchase Agreement ("APA"). The APA was narrowly drafted, and Regal Games transferred only certain inventory, cash, Amazon.com accounts and listings (including each of the listings referenced in this Complaint), one identified U.S. Design Patent, and U.S. Trademark Registration 5,913,483 for the word mark "CHALK CITY." The APA did not, however, include any grant of rights related to the Regal Games' trademarks referenced in this Complaint.

7.      By 2022, Regal Games became aware that SellerX products and its advertisements of those products prominently featured a logo mark including the phrase "by Regal." SellerX's Chalk City by Regal-branded storefront on Amazon.com, for example, features the phrase "by Regal" no less than three times at the top of the page—once in the vibrant and dominating Chalk City by Regal logo mark itself, again immediately under the Chalk City by Regal logo mark in gray text, and a third time in the branded store's search bar:



www.amazon.com/stores/ChalkCitybyRegalGames/page/C0577C87-5C9D-4FE9-AC95-6013E02A589C?ref_=ast_bln (last accessed Mar. 31, 2024).

8.    The "Posts" section of the Chalk City by Regal-branded Amazon store erases any doubt that SellerX's conduct is innocent or accidental.  That portion of SellerX's Chalk City by Regal-branded Amazon store includes eight advertisements, each of which begins with the Chalk City by Regal logo mark and the phrase "Chalk City by Regal Games" in black bold typeface:



www.amazon.com/stores/page/C0577C87-5C9D-4FE9-AC95-6013E02A589C/feed?store_ref=org_posts_feed_bf (last accessed Mar. 31, 2024).

9.    Several posts on SellerX's Chalk City by Regal-branded Amazon.com storefront even include Regal Games' iconic and federally registered "rocket ship" logo mark:



*Id.*



*Id.*

10.     Some of SellerX's listings on Amazon.com also explicitly connect the Chalk City by Regal products to Regal Games' goodwill and history. For example, the Amazon.com listing for SellerX's "Chalk City Sidewalk Chalk, 136 Count, Jubo Chalk, Non-Toxic, Washable, Art Set" includes text under the heading "Chalk City by Regal Games" that details the origin story of Regal Games and its founder, Erich Spitzner:




### Chalk City Jumbo Washable Outdoor Sidewalk Chalk, 136 Pieces

*Bulk Chalk Set*

Allow your creative juices to flow with this super fun, classic toy, and add a bright splash of color to your life and neighborhood. Conveniently washes clean from concrete, cement, asphalt, brick, and wood. This summer sized box of bulk outdoor chalk is a great way to decorate your sidewalk and keep your kids busy while creatively learning about colors and shapes. Kids can have fun drawing large, colorful masterpieces and creating sidewalk designs in eye-catching colors.



**Chalk City by Regal Games**
For decades, Chalk City by Regal Games has been bringing family fun entertainment to a new generation of toy and game lovers. The Founder of Regal Games, Erich Spitzner, forever changed the face of the window-style shutter bingo cards. From that original invention on, our products are designed for ease-of-use and provide great value for families to bring miles of smiles and hours of fun.



- 136 bulk pack of sidewalk chalk in 17 different colors.
- Non-toxic, safe, washable sidewalk chalk specially formulated to minimize chalk dust so it can be

11.     The following product listings on Amazon.com by SellerX also include similar descriptions of Regal Games and its founder Erich Spitzner:

> "Chalk City Sidewalk Chalk, Jumbo Chalk, Non-Toxic, Washable, Art Set (20-Count)"

> "Chalk City Egg Sidewalk Chalk, 6 Count, Assorted Colors, Non-Toxic, Washable, Art Set, Easter basket stuffers for toddler (Glitter)"

> "Chalk City Egg Sidewalk Chalk, 6 Count, Assorted Colors, Non-Toxic, Washable, Art Set, Easter basket stuffers for toddler (Neon)"

12.     Several of SellerX's Amazon.com listings, including at least the following, falsely assert that Regal Games is the product's manufacturer:

> "Chalk City Sidewalk Chalk, 136 Count, Jumbo Chalk, Non-Toxic, Washable, Art Set"

– 6 –

"Chalk City Egg Sidewalk Chalk, 6 Count, Assorted Colors, Non-Toxic, Washable, Art Set, Easter basket stuffers for toddler (Glitter)"

"Chalk City Egg Sidewalk Chalk, 6 Count, Assorted Colors, Non-Toxic, Washable, Art Set, Easter basket stuffers for toddler (Neon)"

"Chalk City Sidewalk Chalk, 30 Count, 3 Assorted Colors, Jumbo Chalk, Non-Toxic, Washable, Art Set"

True and correct screenshots of these online marketplace listings, among others, as they appeared on or about April 8, 2024, are provided hereto as Exhibit 2.

13.     This is not the first dispute between Regal Games and Defendant.  In 2022, Regal Games filed a declaratory judgment action against SellerX Eight in the Southern District of New York, alleging that SellerX materially breached the Asset Purchase Agreement executed by the parties in 2021.  *Regal Games LLC v. SellerX Eight GmbH*, case no. 1:22-cv-07455-ER (S.D.N.Y.).  That case does not include any claims or counterclaims related to Regal Games' trademarks or SellerX's unauthorized uses of Regal Games' trademarks.  *See id.* at Docket Nos. 14, 17.  The New York litigation has been stayed by the Court pending arbitration.  *Id.* at Docket No. 28.

14.     Regal Games has never licensed or otherwise granted permission to SellerX to use the phrase "by Regal" or its federally registered rocket logo mark to suggest an endorsement or collaboration with Regal Games.

15.     Regal Games has requested multiple times that SellerX cease all use of Regal Games' trademarks.  As of the date of this Complaint, SellerX has ignored all of Regal Games' attempts to prevent consumer confusion as to the source of SellerX's chalk products. *See* Exhibit 3.

– 7 –

16.     Specifically, on August 28, 2022, Regal Games advised SellerX though counsel that "it must immediately cease and desist from using all Regal Games trademarks including the word mark and the Regal Games logo in all listings, Amazon storefronts, and products." In response, SellerX suggested — counterfactually — that its ability to remove references to Regal Games from its products was contingent upon certain unspecified acts by Regal Games. On August 17, 2022, SellerX's counsel acknowledged Regal Games' demand, and Regal offered to provide whatever assistance SellerX needed in order to remove all references to Regal Games from SellerX's product listings and packagings. SellerX did not remove those references.

17.     To the contrary, it is clear that SellerX has willfully chosen to continue misappropriating Regal Games' trademarks and goodwill.  For example, SellerX has reprinted some product packaging to indicate that SellerX is the manufacturer, yet that newly printed packaging continues to feature the "by Regal" branding.  For example, SellerX's "Chalk Farm by Regal Sidewalk Egg Chalk One Full Dozen" carton features a prominent "Chalk Farm by Regal" logo mark in the top left corner, lists SellerX Eight GmbH and its subsidiary Elevate Brands as the manufacturers, and includes a SKU number overtly referencing Regal Games:





18.     In addition, SellerX appears to have replaced the "Chalk City by Regal" branding with "Chalk City" branding on its Amazon listings outside of the United States (*see* Exhibit 4) while refusing to complete similar changes to all of its Chalk City product and Chalk Farm product marketplace listings in the United States.

19.     SellerX's choice to trade on Regal Games' goodwill for certain products is intentional. For example, other SellerX chalk products with reprinted packaging, like SellerX's "Sidewalk Chalk Party Pack" product, do not reference Regal Games at all—Chalk City logo marks do not include "by Regal," and the manufacturer notice portion doesn't reference Regal Games:



– 9 –

20.     Regal Games currently owns no interest in or portion of SellerX.

21.     SellerX's unauthorized use of Regal Games' name and registered trademarks appears to have been successful.  For example, four of the coveted first nine search results for the generic phrase "sidewalk chalk" on Amazon.com are SellerX's Chalk City by Regal products, even beating out listings from world-famous art supply brands like Crayola:





www.amazon.com/s?k=sidewalk+chalk&crid=PGASWV87HCE8&sprefix=sidewalk+chalk%2C
aps%2C194&ref=nb_sb_noss_1 (last accessed Mar. 31, 2024).

22.     Regal Games commenced this action to protect the consuming public from being

deceived as to the source or endorsement of the chalk products they purchase through online

retailers and to safeguard the eight decades of goodwill Regal Games has carefully cultivated.

## NATURE OF THE ACTION

23.     This is an action for trademark infringement, counterfeiting, false designation of

origin, unfair competition, and related claims under the federal Lanham Act, 15 U.S.C. §§ 1114

and 1125, the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp.

Stat. 505/1, *et seq.*, the Illinois Uniform Deceptive Trade Practices Act, 815 Ill Comp. Stat. 510/1

*et seq.*, and Illinois common law.

## PARTIES

24.     Regal Games is organized as an Illinois limited liability company with a principal place of business at 111 W. Campbell Street, Suite 401; Arlington Heights, Illinois 60005.

25.     SellerX is organized as a German Gesellschaft mit beschränkter Haftung with its principal place of business in Berlin, Germany.

## JURISDICTION AND VENUE

26.     This Court has subject matter jurisdiction over Regal Games' claims for trademark infringement, false designation of origin, unfair competition, and related claims because they arise under federal law. 15 U.S.C. § 1121; 28 U.S.C. §§ 1331, 1338. This Court has supplemental jurisdiction over Regal Games' state claims because they are so related to the federal claims that they are part of the same case or controversy and derive from a common nucleus of operative facts. 28 U.S.C. § 1367(a).

27.     This Court has personal jurisdiction over SellerX pursuant to the Illinois long-arm statute, 735 Ill. Comp. Stat. 5/2-209 *et seq.*, and the Due Process Clause of the Fourteenth Amendment of the United States Constitution. SellerX transacts business in Illinois and has sufficient minimum contacts with Illinois. SellerX purposefully avails itself of the benefits of conducting business in Illinois and can reasonably anticipate being sued here. For example, SellerX targets Illinois consumers through its internet-based marketing and sales activities. SellerX maintains and operates online merchant accounts with Amazon.com and Walmart.com where it advertises, distributes, and sells goods to Illinois residents using the Chalk City by Regal mark and Regal Games' rocket logo mark.  Purchasers in Illinois can order SellerX's goods through these (and other) ecommerce platforms, and SellerX ships or causes those goods to be shipped to those customers in Illinois.

28.     SellerX advertises and sells goods that bear and/or are distributed in packages bearing the Chalk City by Regal and Regal rocket logo marks to distributors and retailers who SellerX knows in turn advertise and resell those goods to end users in Illinois.

29.     SellerX's use of the Chalk City by Regal logo, the Chalk Farm by Regal logo, and Regal rocket logo marks is likely to cause confusion among consumers, end users, and others nationwide and in Illinois. SellerX knows that Regal Games is headquartered in Illinois and that the harm caused by SellerX's and its distributors' and retailers' use of the Chalk City by Regal logo, the Chalk Farm by Regal logo, and Regal rocket logo—both inside and outside Illinois—is felt by Regal Games in Illinois.

30.     Venue is proper in this judicial district because this Court has personal jurisdiction over SellerX. 28 U.S.C. § 1391(b)(1). SellerX resides in this judicial district for purposes of 28 U.S.C. § 1391(c)(2), (d) because it is subject to personal jurisdiction in this district. Venue is also proper in this district because Regal Games resides and transacts business in this district and a substantial part of the events or omissions that give rise to Regal Games' claims occurred in this district. 28 U.S.C. § 1391(b)(2). SellerX transacts business in this district, is committing tortious acts in this district, and are subject to the personal jurisdiction of this Court.

31.     Assignment of this action to the Eastern Division is proper because a substantial part of the events giving rise to the claims alleged herein occurred in this Division.

### **FACTS GIVING RISE TO REGAL GAMES' CLAIMS**

32.     Regal Games repeats and incorporates by reference the allegations listed in Paragraphs 1 through 31 as if fully set forth herein.

– 14 –

I.      **Regal Games and Its Marks**

33.     Regal Games, a leading games and toys company, based in Arlington Heights, Illinois, owns many trademarks, including word and logo marks for "REGAL," word marks for "REGAL GAMES," and dozens of others.

34.     Since as early as 1941, Regal Games has used these marks to sell games and toys throughout the United States. It operates a website called https://regal-games.com/ where it advertises and sells its products to thousands of customers that visit the site. Regal Games also sells its products on large scale platforms such as Amazon.com and Walmart.com as well as a variety of smaller platforms. Regal Games' Facebook page has many thousands of followers. Regal Games also advertises their products on Instagram, Twitter, and YouTube.

35.     Regal Games has earned millions of dollars from its sales of games and toys throughout the United States under its common law and registered trademarks.

36.     Regal Games owns common law trademarks for REGAL, REGAL GAMES and the Regal rocket logo for games and toys. Regal Games also owns the following federal trademark registrations (the "Marks"), that are each relevant to this Complaint:

| Mark | Reg. No. | Reg. Date | Goods |
|------|----------|-----------|-------|
| REGAL | 7,357,384 | April 9, 2024 | Chalk; Chalk sticks; Writing chalk |
| REGAL | 6,127,564 | August 18, 2020 | Bingo board games, cages, and balls; travel bingo cards; toy guns; spinning top device |

| REGAL GAMES | 6,688,265 | May 29, 2022 | Bingo game playing equipment; bingo board games; bingo cards for travel; toy guns; spinning tops |
|---|---|---|---|
|  | 6,098,516 | July 14, 2020 | Bingo board games, cages, and balls; travel bingo cards; toy guns; spinning top device |

True and correct copies of each trademark registration certificate listed above are attached hereto as Exhibit 1.

37.      Regal Games' registrations for REGAL, REGAL GAMES and the Regal rocket logo marks are *prima facie* evidence of the validity of those marks, Regal Games' ownership of the marks, and Regal Games' exclusive right to use the marks in commerce in connection with the goods listed in each registration. 15 U.S.C. § 1115(a). The registration certificates are *prima facie* evidence of the validity of the marks, Regal Games' ownership of the marks, and Regal Games' exclusive right to use the marks in commerce in connection with the goods listed in the registrations. 15 U.S.C. § 1057(b).

38.      Regal Games' federally registered and common law marks for REGAL, REGAL GAMES and the Regal rocket logo are inherently distinctive because they do not describe an attribute, quality, or characteristic of the toys and games in connection with which they are used.

39.    Regal Games' Marks are widely recognized by consumers in the United States as identifying the source of Regal Games' goods and were so long before the SellerX, the Defendant began its unlawful conduct.

## II.    SellerX and Its Infringement of Regal Games' Marks

40.    In 2021, years after Regal Games started to offer games and toys under the Regal Games Marks, Defendant began manufacturing, distributing, advertising, and selling chalk, chalk sticks and writing chalk under the Chalk City by Regal logo mark, the Chalk Farm by Regal logo mark, and the Regal rocket logo. Defendant advertises, promotes, sells, and distributes goods under these marks to end users, including end users in Illinois, and sells their goods on websites identical to those used by Regal Games, such as Amazon.com and Walmart.com.

41.    Defendant began infringing on Regal Games when they started to advertise and sell using Regal Games' Marks in connection with their chalk products. Each of Defendant's chalk products includes a hybrid logo mark that includes the phrase "Chalk City by Regal" or "Chalk Farm by Regal." Furthermore, Defendant lists Regal Games name, an outdated mailing address, and a copyright notice attributing rights to Regal Games on many product labels, increasing the likelihood that consumers will be confused as to the source of SellerX's goods.

42.    However, Regal Games has not authorized Defendant's use of the Regal Registration. For over a year, Regal Games has requested that Defendant cease and desist from using the phrase "by Regal" and the Regal Games Marks in their product listings. Defendant has ignored Regal Games' good faith requests, and has even reprinted product labels and packaging that still include the Regal Games Marks alongside the Chalk City by Regal logo mark or the Chalk Farm by Regal logo mark.

43.     Defendant is using Regal Games' marks with a bad faith intent to profit from Regal Games' hard-earned brand reputation.

44.     Defendant's unauthorized use of the Regal Games Marks is likely to cause confusion as to the source and sponsorship of Defendant's goods, and to impair the distinctiveness of Regal Games' Marks.

45.     Defendant's unauthorized use of the Regal Games Marks has caused Regal Games to lose control over the reputation associated with their Marks.

46.     Defendant is using the Regal Games Marks to unfairly trade on Regal Games' goodwill and to deceive consumers, end users, and others as to the source of Defendant's goods.

<u>**COUNT ONE**</u>

**Federal Trademark Infringement: 15 U.S.C. §1114**

47.     Regal Games repeats and incorporates by reference the allegations listed in Paragraphs 1 through 46 as if fully set forth herein.

48.     Regal Games owns the trademark registration to the "Regal" word mark for chalk, chalk sticks, and writing chalk (the "Regal Registration"). <u>Exhibit 1</u>. The trademark registration is valid and enforceable.  Regal Games also owns trademark registrations for the word mark "Regal," the phrase "Regal Games," and the Regal rocket logo, for use in connection with similar goods. *Id.*

49.     Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a), provides in pertinent part, that "[a]ny person who shall, without the consent of the registrant reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is

likely to cause confusion, or to cause mistake, or to deceive . . . shall be liable in a civil action by the registrant . . . ."

50.     Upon information and belief, Defendant has sold, has offered to sell, continues to sell, and continues to offer to sell, including to customers in Illinois, goods including the Regal Registration in connection with Defendant's chalk products. For example and without limitation, Defendant's chalk products include at least the following:

51.     More specifically, each of Defendant's chalk products includes a hybrid logo mark that includes the phrase "by Regal." For example and without limitation, Defendant's chalk product sold on Amazon.com as "Chalk City Sidewalk Neon Chalk, 20 Count Chalk, Jumbo Chalk, Washable, Art Set" prominently features the Chalk City by Regal logo mark, the Regal rocket logo, a copyright notice attributing the rights to Regal Games, and Regal Games' contact information on the outer packaging:





– 19 –

52.     Many other products marketed and sold by Defendant in the United States similarly include the Chalk City by Regal logo mark, the Regal rocket logo, a copyright notice attributing the rights to Regal Games, and Regal Games' contact information on the outer packaging.

53.     As just one additional example, Defendant's chalk product sold on Amazon.com as "Chalk City Sidewalk Chalk, Jumbo Chalk, Non-Toxic, Washable, Art Set (20-Count)" includes the Chalk City by Regal on the product label and SellerX's contact information on the outer packaging:



54.     Regal Games has not authorized Defendant's use of the Chalk City by Regal phrase or the Regal Games Marks.

55.     Defendant's unauthorized use of the Regal Registration is likely to cause confusion, or to cause mistake, or to deceive consumer's which is in direct violation of Section 32 of the Lanham Act.

56.     Defendant's advertisements are also likely to create initial interest confusion amongst relevant consumers.  Even if a relevant consumer understands SellerX to be the actual source of their products, consumers are likely to be lured into SellerX's ecommerce listings through SellerX's improper and unauthorized use of Regal Games' trademarks.  For example, Defendant's chalk product sold on Amazon.com as "Chalk City Sidewalk Chalk, Jumbo Chalk, Non-Toxic, Washable, Art Set (20-Count)" includes both the Chalk City by Regal logo mark on the product label and SellerX's (presumably accurate) contact information on the outer packaging. The product website on Amazon.com includes a lengthy recitation of the origin story of Regal Games and its founder, Erich Spitzner, under the heading "Chalk City by Regal Games:

**Product Description**





57.     Defendant's acts of infringement in violation of Section 32 of the Lanham Act are intentional, malicious, fraudulent, willful, and deliberate.

58.     Defendant has knowingly and willfully intended to trade on the recognition of, and has willfully intended to harm the reputation of the Regal Games.

59.     Defendant's acts of infringement in violation of Section 32 of the Lanham Act have inflicted and, if not enjoined, will continue to inflict, irreparable harm on Regal Games. Accordingly, Regal Games has no adequate remedy at law.

60.     Pursuant to 15 U.S.C. § 1114, Regal Games is entitled to recover damages in an amount to be determined at trial, including Defendant's profits, Regal Games' losses due to the Defendant's conduct, and costs of the action. Furthermore, the actions of the Defendant was undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling Regal Games to recover additional treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

<u>**COUNT TWO**</u>

**Federal False Designation Of Origin And Unfair Competition: 15 U.S.C § 1125(a)**

61.     Regal Games repeats and incorporates by reference the allegations contained in Paragraphs 1 through 60 as if set forth fully herein.

62.     Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), provides in pertinent part that "[a]ny person who, on or in connection with any goods or services . . . uses in commerce any word, term, name, symbol . . . or any false designation of origin . . . which is likely to cause confusion or to cause mistake, or to deceive as to affiliation . . . or as to origin, sponsorship, or approval of goods [or] services . . . shall be liable in a civil action."

63.     Defendants' adoption and use of the Regal Registration or approximations or simulations thereof, in order to promote, market, offer for sale, and sell, including to customers in Illinois, its chalk products has created and continues to create a likelihood of confusion,

mistake, and deception as to affiliation, connection, or association with Regal Games or the origin, sponsorship, or approval of Defendants' goods. By using the Regal Games Trademark on the goods, Defendant creates a false designation of origin or a false representation wrongly designating, describing, or presenting Regal Games as the origin of Defendant's goods.

64.     Defendants' actions demonstrate a malicious, intentional, willful, and bad faith intent to trade on Regal Games' goodwill and to cause confusion, deception, and mistake by offering products under the Regal Registration and by intentionally portraying a non-existent affiliation or relationship between Regal Games and Defendant's goods, businesses, and websites, thereby causing significant and irreparable injury to Regal Games.

65.     Defendants have willfully intended to trade on the recognition of, and have willfully intended to harm the reputation of Regal Games and the Regal Registration.

66.     Defendant's aforementioned acts constitute false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a).

## COUNT THREE

**Federal False Designation Of Origin And Unfair Competition: 15 U.S.C § 1125(a)**

67.     Regal Games repeats and incorporates by reference the allegations contained in Paragraphs 1 through 66 as if set forth fully herein.

68.     Without Plaintiff's authorization, and upon information and belief, beginning after Plaintiff acquired protectable exclusive rights in its REGAL GAMES and REGAL Marks and the Regal rocket logo mark, Defendant began using in commerce designations identical to or substantially indistinguishable from Plaintiff's REGAL GAMES and REGAL Marks and the Regal rocket logo mark in connection with chalk products (the "Counterfeit Goods") in a manner

identical or substantially identical to Plaintiff's use of the marks in connection with its games and toy products, including chalk products.

69.     Upon information and belief, and without Plaintiff's authorization, Defendant has engaged in the manufacture, importation, distribution, advertising, promotion, offering for sale, and sale of the Counterfeit Goods throughout the US, including online through Amazon.com. Upon information and belief, Defendant has marketed, advertised, and promoted its Counterfeit Goods through its seller account at Amazon.com.

70.     At all relevant times and in furtherance of its counterfeiting and infringing activities, Defendant has willfully and intentionally used and continues to use a spurious designation substantially indistinguishable from Plaintiff's REGAL GAMES and REGAL Marks and Plaintiff's Regal rocket logo mark on and in connection with the Counterfeit Goods.

71.     Defendant's counterfeiting and infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Counterfeit Goods and have deceived and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendant's Counterfeit Goods originate from, are associated or affiliated with, or are otherwise authorized by Plaintiff.

72.     Defendant's acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

73.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, statutory damages, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116 and 1117, together with prejudgment and post-judgment interest.

## COUNT FOUR

### Common Law Trademark Infringement Under Illinois Law

74.     Regal Games repeats and incorporates by reference the allegations contained in Paragraphs 1 through 73 as if set forth fully herein.

75.     Regal Games is the owner of all right, title, and interest in and to the Regal Games Marks used by Defendant, and to common law rights in .

76.     Defendant has used and continues to use in Illinois, without authorization, the Chalk City by Regal logo, the Chalk Farm by Regal logo, the Regal Games Marks, and Regal Games' common law marks through its extensive advertising, manufacture and sale of products of chalk products.  For example and without limitation, Defendant's chalk product sold on Amazon.com as "Chalk City Sidewalk Chalk, 136 Count, Jumbo Chalk, Non-Toxic, Washable, Art Set" arrives in packaging that, on information and belief, was manufactured after April 2021, and which prominently features the Chalk City by Regal logo, the Regal rocket logo mark, and Regal Games' contact information:







77.    Regal Games has not authorized Defendant's use of the Chalk City by Regal logo, the Regal Games Marks, or Regal Games' common law marks.  To the contrary, Regal Games requested that Defendant cease and desist from using the phrase "Chalk City by Regal" and Regal Games' other marks in their listings more than a year ago.

78.    Defendant has ignored Regal Games' request, and has even reprinted product labels and packaging that still include the Chalk City by Regal logo mark, the Regal Games Marks, and Regal Games' common law marks.  Products including these reprinted product labels have been sold to Illinois consumers and continue to be sold to consumers in Illinois.

79.    Defendant's continued unauthorized use of Regal Games' marks to promote its goods, violates  common law of the State of Illinois at least because such conduct is likely to cause confusion that Regal Games licenses, sponsors, or approves those goods or is affiliated, connected, or otherwise associated with Defendant.

80.     Regal Games has been harmed and continues to be harmed by Defendant's infringement.  Regal Games has no adequate remedy at law. Defendant's unlawful conduct will continue to harm Regal Games unless enjoined by this Court.

## COUNT FIVE

### Common Law Unfair Competition in the State of Illinois

81.     Regal Games repeats and incorporates by reference the allegations contained in Paragraphs 1 through 80 as if set forth fully herein.

82.     Defendant's Chalk City online product listings falsely advertise, infer, or imply that the products are affiliated with Regal Games. The online listings include a summary of the Regal Games company history under the heading "Chalk City by Regal Games" and under a logo mark that includes the phrase "Chalk City by Regal." There can be no doubt that Defendant intends consumers to falsely believe that an association between the two brands exists.

83.     As a result, Defendant has misappropriated and continues to misappropriate valuable rights of Regal Games, is wrongfully trading on Regal Games' goodwill, and is thereby likely to further confuse and deceive members of the purchasing public in violation of the common law of unfair competition in the State of Illinois.

84.     Regal Games has been and is continuing to be damaged by such violations and has no adequate remedy at law. Defendant's unlawful conduct will continue to harm Regal Games unless enjoined by this Court.

85.     Based on Defendant's previous and continual knowledge of the Regal Games' Marks, and continued activities, Defendant's violation of the common law of unfair competition in Illinois is willful.

## COUNT SIX

**Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.***

86.     Regal Games repeats and incorporates by reference the allegations contained in Paragraphs 1 through 85 as if set forth fully herein.

87.     Under Section 2 of the Illinois Consumer Fraud and Deceptive Business Practices Act,

> the use or employment of any deception [,] fraud, false pretense, false promise, misrepresentation or concealment, suppression or omission of any material fact . . . or the use of employment of any practice described in Section 2 of the Uniform Deceptive Trade Practices Act . . . in the conduct of any trade or commerce unlawful, regardless whether any person has in fact been misled, deceived, or damaged thereby.

88.     Defendant's unauthorized advertising of chalk products on Amazon.com, on Sears.com, and on Walmart.com includes branding and logo marks that expressly and falsely state an endorsement by Regal Games. Defendant's continuing unauthorized use of the Regal Games marks or approximations or simulations thereof, so as to mislead, deceive and imply to the public that there is an association or connection of affiliation of Defendant with Regal Games is an unfair method of competition and a deceptive act or practice in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act.

89.     Regal Games has been and is being damaged by such violation and has no adequate remedy at law. Defendant's unlawful conduct will continue to damage Regal Games unless enjoined by this Court.

90.     Based on Defendants' previous and continuing knowledge of the Regal Games Marks and continued activities, Defendant's violation of the Illinois Consumer Fraud and Deceptive Business Practices Act is willful.

## COUNT SEVEN

**Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1, *et seq.***

91.     Regal Games repeats and incorporates by reference the allegations contained in

Paragraphs 1 through 90 as if set forth fully herein.

92.     Section 2 of the Illinois Uniform Deceptive Trade Practices Act 815 Ill. Comp.

Stat. §510/1, et seq., provides that a person engages in deceptive trade practices when, *inter alia*,

he

> 1. Passes off goods or services as those of another . . .
> * * *
> 3. Causes likelihood of confusion or of misunderstanding as to affiliation,
> connection or association with or certification by another . . .
> [or]
> 5. Represents that goods or services have sponsorship, approval,
> characteristics . . . that they do not have [regardless of whether or not there
> is] competition between the parties or actual confusion or
> misunderstanding.

93.     Defendant's unauthorized use of the Regal Games Marks unlawfully attempts to

pass off Defendant's chalk products as belonging to, sponsored by, or approved by Regal Games

with the intention of confusing consumers as to an affiliation between the two brands that does

not exist. For example, Defendant's Chalk City online product listings falsely advertise that the

merchant of their products is Regal Games. The online listings include a summary of the Regal

Games company history under the heading "Chalk City by Regal Games" and under a logo mark

that includes the phrase "Chalk City by Regal." There can be no doubt that Defendant intends

consumers to falsely believe that an association between the two brands exists.  Other products

sold to consumers in the United States, many of which reside in Illinois, include the Chalk City

by Regal logo, one or more Regal Games Marks, a copyright notice attributing rights to Regal

Games, and/or Regal Games' contact information on the outer packaging. These actions by Defendant deceive the public in violation of the Illinois Uniform Deceptive Trade Practices Act.

94.     Regal Games has been and is being damaged by such violation and has no adequate remedy at law. Defendant's unlawful and willful conduct will continue to damage Regal Games unless enjoined by this Court.

95.     Based on Defendant's previous and continuing knowledge of Regal Games Federal Registered Mark and continued activities, Defendant's violation of the Illinois Deceptive Trade Practices Act is willful.

## **REQUEST FOR RELIEF**

WHEREFORE, Regal Games respectfully asks the Court to:

a.     Enter judgment for Regal Games and against Defendant on each and every claim alleged in this Complaint;

b.     Enter a permanent injunction pursuant to 15 U.S.C. § 1116 and 15 U.S.C. § 1125(c)(1) enjoining Defendant and each of their agents, servants, employees, attorneys, officers, and all others in privity and acting in concert with them from using or causing others to use:

     i.     the Chalk City by Regal logo or any source indicator similar thereto;

     ii.     the Regal Games Marks;

     iii.     packaging or packaging inserts that list Regal Games as the source of the product;

alone or in combination with any other word(s), term(s), designation(s), mark(s), or design(s);

c.     Order, pursuant to 15 U.S.C. § 1118, Defendant to deliver up for destruction all products, labels, signs, prints, packages, wrappers, receptacles, and advertisements in their

possession or control bearing the Chalk City by Regal logo, or one or more of the Regal Games Marks, or outer packaging that lists Regal Games as the source of the product, and all Counterfeit Goods;

      d.      Awarding Plaintiff three times Defendant's profits attributable to the conduct complained of herein or three times Plaintiff's damages arising out of Defendant's wrongful acts, whichever is greater, pursuant to Sections 35(a) and 35(b) of the Lanham Act (15 U.S.C. §§ 1117(a), (b));

      e.      Awarding Plaintiff, at Plaintiff's election, statutory damages of $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, pursuant to Section 35(c) of the Lanham Act, 15 U.S.C. § 1117(c);

      f.      Declaring this to be an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiff its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a));

      g.      Require Defendant to file with this Court and serve on Regal Games within thirty (30) days after entry of an injunction and destruction order a report in writing under oath describing how they have complied with such order;

      h.      Award, pursuant to 15 U.S.C § 1117(a) and/or 815 Ill. Comp. Stat. 510/3, reasonable attorney's fees and costs to Regal Games due to the exceptional nature of this case;

      i.      Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums; and

      j.      Grant such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Regal Games demands a trial by jury on all claims so triable.

Dated: <u>April 9, 2024</u>                    Respectfully submitted,

**INCUBATE IP**

By: *<u>/s/ Randy R. Micheletti</u>*
RANDY R. MICHELETTI
Illinois Bar No. 6299511
Telephone: (312) 600-5412
Email: randy@incubateip.com
MEGHA N. PATEL
Illinois Bar No. 6325798
Telephone: (312) 847-6748
Email: megha@incuabteip.com
P.O. Box 3327
Glen Ellyn, IL 60138-3327

*Attorneys for Plaintiff Regal Games LLC*